MCI TELECOMMUNICATIONS CORPORATION, Relator,

v.

Honorable George A. CROWLEY, Judge, 67th District Court, Tarrant County, Texas, Respondent.

No. 2–95–058–CV.

Court of Appeals of Texas, Fort Worth.

May 12, 1995.

Rehearing Overruled June 29, 1995.

David E. Keltner, Keith D. Calcote, G. Dennis Sheehan, Haynes & Boone, Fort Worth, for relator.

Robert E. Aldrich, Jr., Gardner & Aldrich, Art Brender, Brender & Colosi, Fort Worth, for real parties in interest.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

### OPINION

BRIGHAM, Justice.

In this original proceeding, the trial court ordered relator MCI Telecommunications Corporation to answer interrogatories inquiring about its attorneys' fees incurred in defending the underlying suit. We conditionally grant the writ of mandamus.

### THE UNDERLYING SUIT

Two women, plaintiff Mary Lynn Aldrich and plaintiff and intervenor Marilyn Scamardo, sued MCI, their employer, and Mark Smith (not a party to this proceeding) who was their supervisor at MCI, for sexual harassment and sex discrimination. The de-tails of their allegations are immaterial to this proceeding.

Specifically, Aldrich's causes of action are: sex discrimination and sex harassment (quid pro quo) under section 21.051 of the Texas Labor Code; sex discrimination and sex harassment (hostile environment) under section 21.051 of the Texas Labor Code; defamation; intentional infliction of emotional distress; invasion of privacy; gross negligence; assault and battery; negligence; and conspiracy. She alleges the following damages—physical pain and emotional distress, constructive discharge, lost earnings and lost earning capacity, mental anguish, and injury to reputation—for which she seeks both actual and punitive damages, along with injunctive and declaratory relief.

Scamardo's specific causes of action are: sex discrimination and sex harassment (quid pro quo) under section 21.051 of the Texas Labor Code; sex discrimination and sex harassment (hostile environment) under section 21.051 of the Texas Labor Code; intentional infliction of emotional distress; assault and battery; negligence; invasion of privacy; breach of contract; and conspiracy. Scamardo alleges damages for mental anguish, physical injury, lost wages, lost earning capacity, and medical expenses. She seeks both actual and punitive damages, along with injunctive and declaratory relief.

All of Aldrich's and Scamardo's causes of action are brought under state law. They both seek recovery of their attorneys' fees as provided for in the Texas Labor Code[1] and the Declaratory Judgments Act.[2] MCI does not seek recovery of its attorneys' fees under any theory.

Aldrich propounded interrogatories to MCI inquiring about:

the names and billing rates of all attorneys (in-house and outside counsel) and paralegals who have represented MCI and Smith in the case; the number of hours that those attorneys and paralegals have worked on this case; and the total amount

---

1. Tex.Lab.Code Ann. § 21.259 (Vernon Pamph. 1995).

2. Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986).

of legal fees and expenses incurred by MCI in this case.

While MCI asserted numerous objections to these interrogatories, the only objection at issue in this proceeding is that the interrogatories seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. When Aldrich filed a motion to compel, the trial court held a hearing on MCI's objections, and in a March 30, 1994 order, the trial court ordered MCI to answer the interrogatories. MCI then filed this mandamus proceeding, claiming that the trial court abused its discretion in ordering the discovery and that MCI has no adequate remedy by appeal.

## STANDARD OF REVIEW

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *Walker,* 827 S.W.2d at 839; *Johnson,* 700 S.W.2d at 917.

■ With respect to the resolution of factual issues or matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court unless the trial court could reasonably have reached only one decision and the trial court's decision is shown to be arbitrary and unreasonable. *Walker,* 827 S.W.2d at 839–40; *Johnson,* 700 S.W.2d at 917–18.

■ With respect to a trial court's determination of the legal principles controlling its ruling, our review is much less deferential because a trial court has no discretion in determining what the law is or applying the law to the facts. *Walker,* 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

■ A writ of mandamus is the proper vehicle to attack an order granting or denying discovery. *See Tilton v. Moye,* 869 S.W.2d 955, 958 (Tex.1994). In making the determination of whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). The rules governing discovery do not require as a prerequisite to discovery that the items sought be admissible evidence; it is enough that the information in question appears reasonably calculated to lead to the discovery of admissible evidence. *Id.; see* TEX.R.CIV.P. 166b(2)(a). However, this broad grant is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *Walker,* 827 S.W.2d at 843; *General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 734 (Tex.1983).

## ABUSE OF DISCRETION

To determine if mandamus relief is appropriate in this case, we first must determine whether the trial court abused its discretion.

### Relevance and Discovery

Parties may obtain discovery of any matter that is relevant to the subject matter of the lawsuit. TEX.R.CIV.P. 166b(2)(a). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence. TEX.R.CIV.EVID. 401. Parties may not object to discovery on the ground "that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX.R.CIV.P. 166b(2)(a).

### Waiver

■ We begin by addressing the claim by Aldrich that MCI waived its relevance objection by not presenting any evidence on it at the hearing before the trial court. The burden is on the party objecting to discovery to plead the particular objection and to "produce any evidence *necessary* to

support" its objection and why it should not be required to produce the discovery. TEX. R.CIV.P. 166b(4) (emphasis added); *see Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 n. 6 (Tex.1990). A party is not required to support *all* objections to discovery with evidence. *Gustafson v. Chambers,* 871 S.W.2d 938, 942 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). Information that is "clearly irrelevant" does not require proof. *Valley Forge Ins. Co. v. Jones,* 733 S.W.2d 319, 321 (Tex.App.—Texarkana 1987, orig. proceeding); *see Ford Motor Co. v. Ross,* 888 S.W.2d 879, 892 (Tex.App.—Tyler 1994, orig. proceeding). Because, as we hold below, the information sought on MCI's attorneys' fees is "clearly" or "patently" irrelevant, MCI did not waive its relevance objection. Additionally, the attorneys' fees issue in this proceeding is a legal question answerable merely by looking at the plaintiffs' allegations and MCI's defenses, *see Gustafson,* 871 S.W.2d at 942, so it was not necessary for MCI to produce evidence on its relevancy objection.

### Recovery of Attorneys' Fees in Texas

■ The plaintiffs have the burden of proof on their claims for attorneys' fees. *See Van Waters & Rogers, Inc. v. Quality Freezers, Inc.,* 873 S.W.2d 460, 464 (Tex.App.—Beaumont 1994, writ denied). To meet their burden, they should present evidence of the hours spent on the case, the nature of the case's preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. *Goudeau v. Marquez,* 830 S.W.2d 681, 683 (Tex.App.—Houston [1st Dist.] 1992, no writ). Factors to consider in determining a reasonable attorneys' fee are:

- time and labor required
- novelty and difficulty of the questions involved
- skill requisite to do the work properly
- preclusion of other employment
- fee customarily charged
- whether the fee is fixed or contingent
- amount at issue and the results obtained
- time limits imposed by the client or circumstances

- nature and length of relationship with the client
- experience, reputation, and ability of the attorney doing the work

*See* TEX.R.DISCIPLINARY P. 1.04(b) (1992), *reprinted in* TEX.GOV'T CODE ANN., Tit. 2, Subtit. G, App. (Vernon Supp.1995); Scott A. Brister, *Proof of Attorney's Fees in Texas,* 24 ST. MARY'S LAW J. 313, 328–29 (1993); *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 n. 6 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993). Conspicuously absent from these factors is the opposing party's attorneys' fees incurred in the defense of the case.

■ MCI argues, and plaintiffs concede, that there is no Texas authority that allows a plaintiff to discover a defendant's attorneys' fees in a case like this one where only the plaintiff is seeking recovery of attorneys' fees. Based on this absence of authority, along with clearcut Texas law on what evidence is needed to prove attorneys' fees and the relevant factors to consider, MCI's attorneys' fees in its defense of this case are "patently irrelevant" and are not reasonably calculated to lead to the discovery of admissible evidence.

■ Mandamus can be an appropriate remedy if a party is forced to disclose "patently irrelevant" information. *Walker,* 827 S.W.2d at 843; *see also Texas Water Comm'n v. Dellana,* 849 S.W.2d 808, 810 (Tex.1993) (court gave mandamus relief where trial court had allowed "discovery patently irrelevant to the judicial proceeding"). However, in *Walker* the supreme court did not define "patently irrelevant"; instead it gave two examples: *Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558 (Tex.1992) (demand for tax returns) and *General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex.1983) (demand for information about all vehicles for all years); *see also Kern v. Gleason,* 840 S.W.2d 730 (Tex.App.—Amarillo 1992, orig. proceeding) (mandamus appropriate where trial court ordered discovery of tax returns, financial statements, and personal assets of sole shareholder of corporation despite plaintiffs' claim to disregard corporate entity). We hold that information is "patently" or "clearly" irrelevant when, as with MCI's at-

torneys' fees in this case, reasonable minds would not differ that it has no tendency to prove or disprove any issue involved in the subject matter of the suit and the information's irrelevancy is apparent from the face of the record.

The plaintiffs, nonetheless, cite *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247 (Tex.App.—Houston [1st Dist.] 1993, writ denied) [3] and urge us to look to federal case law in arguing the MCI's attorneys' fees are discoverable. We find *Farrington* and its reference to federal case law to be inapposite to the issue of attorneys' fees, which is a well-developed area of Texas law. [4]

 Because the trial court ordered MCI to produce patently irrelevant information in this case, the trial court abused its discretion. *See Walker*, 827 S.W.2d at 843. We next must determine whether MCI has an adequate remedy by appeal.

### ADEQUATE REMEDY BY APPEAL

 Mandamus will issue only where there is no adequate remedy at law, such as a normal appeal. *Walker*, 827 S.W.2d at 840; *Jampole*, 673 S.W.2d at 572–73. Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists. *Walker*, 827 S.W.2d at 840; *Jampole*, 673 S.W.2d at 573. An appellate remedy is not inadequate merely because it might involve more expense or delay than

obtaining a writ of mandamus. *Walker*, 827 S.W.2d at 842.

 A party may not have an adequate remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery, and the missing discovery cannot be made a part of the appellate record or the trial court after proper request refuses to make it part of the record. *Walker*, 827 S.W.2d at 843. An appellate court may not be able to cure a trial court's error and a party would have no adequate remedy by appeal if it is forced to disclose "patently irrelevant" information if the disclosure amounts to harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Id.*

 We hold that MCI has no adequate remedy by appeal. The attorneys' fees information sought by the plaintiffs and ordered discoverable by the trial court is not only irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it is "patently irrelevant" to any issue in this case. The plaintiffs would obtain *no* legitimate benefit from this discovery, which further imposes a disproportionate burden on and amounts to harassment of MCI. Manda-

---

**3.** *Farrington* was a race discrimination case brought under state law, and in it all the court said was that it "may" look to federal case law to determine the burden of proof in such a case because one of the purposes of the Texas statute on discrimination in employment "is the correlation of state law with federal law" in that area. *Id.* at 251 (quoting *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991)).

**4.** Plaintiffs cite *In re Fine Paper Antitrust Lit.*, 751 F.2d 562 (3d Cir.1984), *Murray v. Stuckey's, Inc.*, 153 F.R.D. 151 (N.D.Iowa 1993), *Coalition to Save Our Children v. State Bd. of Educ.*, 143 F.R.D. 61 (D.Del.1992), *Naismith v. Professional Golfers Ass'n*, 85 F.R.D. 552 (N.D.Ga.1979), and *Stastny v. Southern Bell Tel. & Telegraph Co.*, 77 F.R.D. 662 (W.D.N.C.1978) as allegedly persuasive authority on the discoverability of attorneys' fees incurred in defending a case. But those cases all involve prevailing parties seeking such discovery in a posttrial or postsettlement fee ap-

plication to a federal trial court, a procedure foreign to Texas practice and thus a highly distinguishing factor from this case. Here the jury will determine attorneys' fees when it determines the merits of plaintiffs' claims. We agree with MCI that, especially in a jury trial, discovery of and evidence about a defendant's attorneys' fees could be highly prejudicial to the merits and could have an unfair, chilling effect on how a case is defended.

We also note that there is contrary federal authority. *E.g.*, *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 699 (1978); *Samuel v. University of Pittsburgh*, 80 F.R.D. 293 (W.D.Pa.1978). And in any event, the Fifth Circuit, which we would look to for controlling authority if state law did not provide an answer, has indicated that a defendant's attorneys' fees are irrelevant to a prevailing plaintiff's. *Harkless v. Sweeny ISD*, 608 F.2d 594, 597–98 (5th Cir.1979).

mus is available to correct the trial court's abuse of discretion under the facts and circumstances of this case.

### CONCLUSION

In conclusion, we hold (1) that the trial court abused its discretion in ordering MCI to answer the interrogatories at issue because MCI's attorneys' fees are "patently irrelevant" to plaintiffs' attorneys' fees and (2) that MCI has no adequate remedy by appeal. We conditionally grant relators' petition for writ of mandamus. A writ will issue only if respondent fails to vacate his March 30, 1995 order.