**In re TEXAS MUTUAL INSURANCE COMPANY, Relator.**

No. 05–11–01505–CV.

Court of Appeals of Texas,
Dallas.

Jan. 31, 2012.

Rehearing Overruled Feb. 21, 2012.

Sandra Cockran Liser, Stuart Gregory Smith, Naman Howell Smith & Lee, PLLC, Fort Worth, TX, Mary Barrow Nichols, Shannon Leigh Pounds, Texas Mutual Insurance Company, Austin, TX, for Relator.

Bradley Dean McClellan, Law Offices of Richard Pena, PC, Austin, TX, Patrick O. Naylor, Patrick O. Naylor, P.C., Irving, TX, for Real Party in Interest.

Before Justices MOSELEY, MARTIN RICHTER, and FILLMORE.

## OPINION

Opinion By Justice MOSELEY.

Texas Mutual Insurance Company ("Texas Mutual") seeks a writ of prohibition that the trial court is limited to awarding attorney's fees as stated in the mandate issued by the clerk of this court after an appeal of the case underlying this proceeding. Additionally, it seeks a writ of mandamus ordering the trial court to vacate its overly broad discovery order. We conditionally grant both writs.

Texas Mutual, a workers' compensation insurance carrier, sued Ralf G. Boetsch to appeal an administrative determination that Boetsch was disabled as a result of a workplace injury. After an adverse ruling in the trial court, Texas Mutual appealed. We reversed the trial court's judgment in part and remanded in part to allow the trial court to apportion Boetsch's attorney's fees between the claims on which he prevailed and those on which he lost. *See Texas Mut. Ins. Co. v. Boetsch,* 307 S.W.3d 874 (Tex.App.-Dallas 2010, pet. denied).[1] The mandate issued by the clerk of this court stated: "The trial court's award of attorneys [sic] fees is **REVERSED** and we **REMAND** the issue of attorney's fees to the trial court for apportionment in accordance with this opinion."

---

1. In our opinion, we instructed the trial court:

    We nevertheless conclude the trial court's award of attorney's fees should be reversed and remanded. If a carrier appeals multiple issues on judicial review and prevails on some, but not all, the trial court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails. Here, the claimant did not prevail on the 36% impairment rating, but did prevail on the issues regarding the seizure disorder. Consequently, we must remand the issue of attorney's fees to the trial court for apportionment.

    We reverse the trial court's judgment assigning a 36% impairment rating and render judgment that Boetsch's impairment rating is 27%. We reverse and remand the issue of attorney's fees to the trial court for further proceedings consistent with this opinion.

    *Texas Mut. Ins. Co. v. Boetsch,* 307 S.W.3d 874, 882 (Tex.App.-Dallas 2010, pet. denied).

## WRIT OF PROHIBITION

In its Order on Motion to Strike, which was entered after we remanded the case, the trial court interpreted our opinion and mandate as follows:

> Having taken the matter under advisement, the Court agrees that the Court of Appeal's [sic] mandate vests this court with the limited ability to determine the apportionment of the attorneys' fees awarded in this Court's previous judgment, and, of course, any further fees incurred once the mandate issued. ( . . . the mandate in this case is rather narrow). Therefore, Defendant will not be able to claim at the upcoming trial that it can recover its appellate fees incurred in responding to Plaintiff's appeal. *Defendant will, however, be able to claim his attorneys' fees for pursuing the case on remand, and on further appeal, if there is any further appeal in which Defendant is successful.*

(Emphasis added.) Texas Mutual asserts the trial court improperly decided Boetsch can recover his attorney's fees for pursuing the case on remand and on any subsequent appeal.

██ A mandate formally commands a lower court to obey a higher court's judgment; "[u]pon receipt of the mandate, the trial court has no discretion to review, interpret, or enforce the mandate." *In re Assurances Generales Banque Nationale,* 334 S.W.3d 323, 325 (Tex.App.-Dallas 2010, orig. proceeding). On remand, the trial court's jurisdiction is limited to the issues specified in the mandate and the scope of the mandate is determined by referring to both the court of appeals's opinion and the mandate itself. *See Cessna Aircraft Co. v. Aircraft Network,* 345 S.W.3d 139, 144 (Tex.App.-Dallas 2011, no pet.). When the trial court fails to follow the court of appeals's mandate, the "aggrieved party may seek either a writ of prohibition or a writ

of mandamus" and the court of appeals may issue a writ to ensure compliance with its prior judgment. *Lee v. Downey,* 842 S.W.2d 646, 648 (Tex.1992). *See also In re Columbia Med. Ctr. of Las Colinas,* 306 S.W.3d 246, 247–8 (Tex.2010).

██ Our opinion clearly instructed the trial court to "apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails." *See Boetsch,* 307 S.W.3d at 882. Likewise, the mandate only remanded "the issue of attorney's fees . . . for apportionment in accordance with this opinion." The mandate did not instruct the trial court to award Boetsch any fees incurred pursuing the case on remand or on any further appeal, nor was that an issue raised in our prior opinion.

By considering issues outside the scope of the mandate, the trial court improperly exercised its discretion and went beyond its jurisdiction. *See In re Assurances Generales Banque Nationale,* 334 S.W.3d at 325; *Cessna Aircraft Co.,* 345 S.W.3d at 144. Because it lacked authority and jurisdiction to interpret the mandate, we conclude the trial court improperly ordered that "Defendant will, however, be able to claim his attorney's fees for pursuing the case on remand, and on further appeal, if there is any further appeal in which Defendant is successful." We conditionally grant the writ of prohibition. *See Downey,* 842 S.W.2d at 648.

## WRIT OF MANDAMUS

██ On remand, Boetsch served twenty-four requests for admission and three requests for production. The requests for admission seek information as to the amounts and the billing rates for attorney's fees paid by Texas Mutual in workers' compensation lawsuits filed by or against it since 2001. They also seek information as to the time spent by Texas

Mutual's in-house employees in connection with Boetsch's claim, and the amount of all expenses paid or incurred by Texas Mutual in connection with Boetsch's claim.[2] In its Order Granting Motion to Compel, the trial court overruled Texas Mutual's objections and ordered Texas Mutual to produce the requested documents and information.

Texas Mutual asserts the trial court abused its discretion by ordering Texas Mutual to respond to Boetsch's discovery requests. Boetsch asserts he has a right to discover the information requested because Texas Mutual is required by law to submit its attorney's fees for approval by the court, Texas Mutual designated its trial and appellate counsel as experts, Texas Mutual challenges Boetsch's right to reimbursement for his appellate attorney's fees, and Texas Mutual argued Boetsch's fees were "excessive" compared to its own.

■ As discussed above, the trial court already determined the amount of Boetsch's fees accrued up to and including entry of the first judgment. *See Boetsch*, 307 S.W.3d at 880. The only issue before the trial court on remand is the *apportionment* of those fees between the claims on which he prevailed and the claims on which he did not. *See Boetsch*, 307 S.W.3d at 882. Information concerning Texas Mutual's attorney's fees for this or any other litigation is "patently irrelevant" to that inquiry. *See MCI Telecomms. Corp. v. Crowley*, 899 S.W.2d 399, 403–405 (Tex. App.-Fort Worth 1995, orig. proceeding) (conditionally granting writ of mandamus after trial court ordered responses to "patently irrelevant" discovery requests).[3]

2. The requests for production state:
   REQUEST FOR PRODUCTION NO. 1: "Pay sheet" or list of payments and totals, including workers' compensation benefits but not limited to health care or medical benefit payments, made on the Claimant's workers' compensation claim. This should include a list of all submitted bills whether paid or not as well as total amounts submitted, reduced, paid, and/or disputed. This should include itemization and totals of all benefits and payments made related to this claim including but not limited to attorney fees, investigation fees, peer review fees, consulting fees, and any other fee or expenses related to this claim.
   REQUEST FOR PRODUCTION NO. 2: Any billing and payment records, reports, notes or memoranda prepared, received, or reviewed for attorney and expert fee billing, time, and payments made by the Insurance Carrier to its attorneys, or other representatives, on this claim including but not limited to work on this matter at the administrative level or on judicial review or at any other stage. This should include time spent by in house counsel and representatives spent on this claim. This production does not seek privileged correspondence. This should include any written and/or retainer agreement between the Insurance Carrier and its legal representatives.

   REQUEST FOR PRODUCTION NO. 3: Insurance Company's claim files and documents, including but not limited to any files such as medical benefit files maintained by employees, representatives or agents for the Insurance Company, for the Defendant's workers' compensation claim and from the beginning of the claim through the date of denial, if any, of the claim, until final resolution before the Texas Workers' Compensation Commission (including any written communications received or reviewed during the course of the Insurance Company's and any adjuster's handling of this claim). This should include any and all claim entries and notes made by you such as an adjuster's log. *Without limit, this request* also includes any and all health care treatment & billing requests, submissions, approvals, denials, and disputes. Without limit this request includes any files maintained by employees, representatives, agents or third party administrators for Insurance Company.

3. Even if calculating attorney's fees fell within the scope of the mandate, Texas Mutual has not requested that Boetsch pay its attorney's fees. When a party does not seek to shift its fees to its opponent, the party's attorney's fees are not subject to discovery because they are "patently irrelevant." *See MCI Telecomms.*

Therefore, we conclude the trial court abused its discretion when it ordered Texas Mutual to respond to Boetsch's requests for production and requests for admission. Because Texas Mutual has no adequate remedy by appeal if it is forced to comply with the trial court's Order Granting Motion to Compel, we conditionally grant the writ of mandamus. *See id.*

## CONCLUSION

We conditionally grant the relator's petition for writ of prohibition and writ of mandamus. A writ of prohibition will issue only in the event the trial court fails to vacate that portion of its Order on Motion to Strike stating that the "Defendant will, however, be able to claim his attorney's fees for pursuing the case on remand, and on further appeal, if there is any further appeal in which Defendant is successful."

Additionally, a writ of mandamus will issue only in the event the trial court fails to vacate its Order Granting Motion to Compel and render an order denying the motion to compel. The trial court shall restrict its apportionment of attorney's fees to the scope of this Court's mandate.

---

*Corp. v. Crowley,* 899 S.W.2d 399, 403–404 (Tex.App.-Fort Worth 1995, orig. proceeding) (trial court abused its discretion by ordering discovery of defendant's legal fees, which were "patently irrelevant," when the defendant did not seek reimbursement); *see also Walker v. Packer,* 827 S.W.2d 833, 843 (Tex. 1992); *In re Dillard Dept. Stores, Inc.,* No. 05–99–00750–CV, 1999 WL 605593, at *2 (Tex. App.-Dallas Aug. 12, 1999, orig. proceeding).