

## NUMBER 13-15-00219-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE NATIONAL LLOYDS INSURANCE COMPANY, WARDLAW CLAIMS SERVICE INC. AND IDEAL ADJUSTING, INC.

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Longoria**
**Memorandum Opinion by Justice Benavides[1]**

Relators, National Lloyds Insurance Company, Wardlaw Claims Service Inc., and

Ideal Adjusting, Inc., filed a petition for writ of mandamus in the above cause on May 12,

2015. Through this original proceeding, relators seek to compel the trial court to vacate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

its April 29, 2015 order compelling relators to respond to discovery requests pertaining to their attorney's fees. We deny the petition for writ of mandamus.

## I. BACKGROUND

The cases underlying this original proceeding arise from a multidistrict litigation pretrial court proceeding in the 206th District Court of Hidalgo County concerning all insurance coverage cases stemming from two severe hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012 ("MDL"). In the four cases underlying this petition for writ of mandamus, real parties in interest, Martin Almaguer, Maricela A. Almaguer, Kelly Dizdar, Mark Dizdar, Dizdar Development, Danny Garcia, Yvonne S. Garcia, Alfredo Ortiz Rodriguez, and Alicia M. Rodriguez, brought suit against relators alleging that they were underpaid on their property damage claims following the hailstorms.

Real parties have asserted claims for attorney's fees in these cases. In their "Designation of Experts," relators have identified Scot Doyen as an expert who "is expected to testify as to reasonable and necessary attorney fees for a case of such complexity as this case, pending in Hidalgo County, Texas." Relators also designated Doyen as a testifying expert regarding attorney's fees in a companion case in the MDL, and he testified in that companion case that the overall fees that the plaintiffs were seeking were not reasonable and necessary. The plaintiffs in the companion case were represented by the same counsel representing real parties in this proceeding.

On February 27, 2015, Doyen testified at the trial of the companion case that "the fees [of] the opposing party to the plaintiffs" are "a factor" and one of the "indicators of a reasonable fee." Doyen also compared the fees that his firm charged to the fees sought

2

by real parties to contest the reasonableness of their fees. Specifically, Doyen testified that his firm pro-rated fees across the cases, and he believed that the real parties' firm should do the same.

Real parties thereafter moved for leave to serve additional discovery requests regarding the amounts of attorney's fees that relators had accrued in the underlying cases. Relators objected on grounds that the discovery of their attorney's fees was irrelevant and violated the attorney-client and work-product privileges. After hearings and further briefing by relators and real parties in interest, the special master for discovery recommended that the trial court grant the real parties' motion for leave to serve additional discovery. The special master further recommended that the trial court overrule relators' objections to the real parties' discovery requests, but allow relators to make the redactions necessary to protect any privileged information.

By two separate orders issued on April 29, 2015, the trial court adopted the special master's recommendations. This original proceeding ensued. By one issue, relators contend that the trial court abused its discretion in ordering the production of relators' "privileged attorney's fees information" when relators are not currently seeking the recovery of their fees and "Texas courts have held such information to be patently irrelevant." The Court requested and received a response to the petition for writ of mandamus from the real parties in interest.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relators must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

3

proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. The relators have the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992) (orig. proceeding).

### III. SCOPE OF DISCOVERY

The scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3; *In re CSX Corp.*, 124 S.W.3d at 152; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. The phrase "relevant to the subject matter" is to be "liberally construed to allow

4

the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009); *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488; *In re HEB Grocery Co.*, 375 S.W.3d 497, 500 (Tex. App.—Corpus Christi 2012, orig. proceeding). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401.

Generally, the scope of discovery is within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam); *In re CSX Corp.*, 124 S.W.3d at 152. However, a party's discovery requests must show a reasonable expectation of obtaining information that will aid in the resolution of the dispute. *In re CSX Corp.*, 124 S.W.3d at 152. Therefore, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d at 713. Accordingly, discovery requests must not be overbroad. *See, e.g., In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 669–70 (Tex. 2007) (per curiam*); In re CSX Corp.*, 124 S.W.3d at 153. "A specific request for discovery reasonably tailored to include only matters relevant to the case is not overbroad merely because the request may call for some information of doubtful relevance." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam). Significantly, whether a request for discovery is overbroad is distinct from whether it is burdensome or harassing. *In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d at 670. "Overbroad requests for irrelevant information are improper whether they are burdensome or not." *Id.*

## IV. ATTORNEY'S FEES

By one issue, relators contend that the trial court abused its discretion in ordering them to produce information regarding their attorney's fees when they are not seeking recovery of their fees and the fees are irrelevant to the plaintiffs' claims for attorney's fees. Relators further assert that they have not put their attorney's fees at issue in this case because testimony in a prior case is irrelevant to attorney's fees in this case and the concurrence in *El Apple* does not justify the discovery ordered here. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012) (Hecht, J., concurring).

In the instant cases, real parties seek attorney's fees under the fee-shifting statutes contained in the Texas Civil Practice and Remedies Code and the Texas Insurance Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West, Westlaw through Ch. 46 2015 R.S.) (providing for the recovery of attorney's fees on claims pertaining to oral or written contracts); TEX. INS. CODE ANN. §§ 541.152, 542.060 (West, Westlaw through Ch. 46 2015 R.S.) (providing for the recovery of attorney's fees on claims arising under the insurance code). At the present time, relators do not seek the recovery of their attorney's fees in defending the underlying cases; however, they acknowledge that they have made an offer of settlement "which at some point in the future could prompt the trial court to award relators their attorney's fees."

The Texas Supreme Court has acknowledged that the factors identified by Texas Disciplinary Rule of Professional Conduct 1.04 are "relevant to the determination of a reasonable attorney's fee." *City of Laredo v. Montano*, 414 S.W.3d 731, 734 (Tex. 2013); *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(a), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. A (West, Westlaw through 3/15/2015) (TEX. STATE BAR R. art. X, § 9);

6

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These

factors, commonly known as the *Arthur Andersen* factors, are:

>    (1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
>    (2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
>    (3)    the fee customarily charged in the locality for similar legal services;
>
>    (4)    the amount involved and the results obtained;
>
>    (5)    the time limitations imposed by the client or by the circumstances;
>
>    (6)    the nature and length of the professional relationship with the client;
>
>    (7)    the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
>    (8)    whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(a); *see Arthur Andersen & Co.*, 945 S.W.2d

at 818. Evidence of each of these factors is not required to support an award of attorney's

fees. *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas

2008, no pet.). Further, these factors are not exhaustive insofar as Rule 1.04 expressly

states that its factors may be considered in determining the reasonableness of a fee, "but

not to the exclusion of other relevant factors." TEX. DISCIPLINARY R. PROF'L CONDUCT

1.04(a). The trial court can consider the entire record, the evidence presented on

reasonableness, the amount in controversy, the common knowledge of the participants

as lawyers and judges, and the relative success of the parties. *Messier v. Messier*, 458

S.W.3d 155, 166–67 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *In re Marriage of*

*C.A.S. & D.P.S.*, 405 S.W.3d 373, 387 (Tex. App.—Dallas 2013, no pet.); *Hagedorn v.*

7

*Tisdale*, 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.). The amount and reasonableness of attorney's fees is a question of fact involving several "intangible" factors. *Spector Gadon & Rosen, P.C. v. Sw. Sec., Inc.*, 372 S.W.3d 244, 252 (Tex. App.—Dallas 2012, no pet.); *see Mack v. Moore*, 669 S.W.2d 415, 419–20 (Tex. App—Houston [1st Dist.] 1984, no writ).

Relators contend that the *Arthur Andersen* factors do not include the fee arrangement of fees of an opposing party, and thus that information is "not open to discovery because it is patently irrelevant to the inquiry." Relators assert that "Texas courts have consistently and unanimously held that discovery into another party's attorney's fees incurred in the defense of a case is an abuse of discretion because those fees are 'patently irrelevant' to the claimant's claim for attorney's fees." In support of this contention, relators cite *In re Texas Mutual Insurance Co.*, 358 S.W.3d 869, 872 n.3 (Tex. App.—Dallas 2012, no pet.); *In re AIG Aviation (Texas), Inc.*, No. 04-04-00291-CV, 2004 WL 1166560, at *1 (Tex. App.—San Antonio May 26, 2004, no pet.) (mem. op.); *MCI Telecommunications Corp. v. Crowley*, 899 S.W.2d 399, 403–404 (Tex. App.—Fort Worth 1995, orig. proceeding); and *Duininck Brothers, Inc. v. Howe Precast, Inc.*, No. 4:06-CV-441, 2008 WL 4411641, at *2 (E.D. Tex. Sept. 23, 2008).

In *MCI Telecommunications Corp.*, the Fort Worth Court of Appeals concluded that the discovery of the defendants' attorney's fees was not relevant in a case where only the plaintiff was seeking recovery of its attorney's fees. *See* 899 S.W.2d at 403–04. The court considered the factors listed in Rule 1.04 regarding a reasonable attorney's fee and stated that "[c]onspicuously absent from these factors is the opposing party's attorneys' fees incurred in the defense of the case." *Id.* In that case, the defendant argued and the

8

plaintiffs conceded "that there is no Texas authority that allows a plaintiff to discover a defendant's attorneys' fees in a case like this one where only the plaintiff is seeking recovery of attorneys' fees." *Id.* The court thus held that "[b]ased on this absence of authority, along with clearcut Texas law on what evidence is needed to prove attorneys' fees and the relevant factors to consider, MCI's attorneys' fees in its defense of this case are 'patently irrelevant' and are not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

We note that the law regarding the evidence necessary to prove attorney's fees and the relevant factors to consider has been extensively and thoroughly developed since *MCE Telecommunications* was decided. *See, e.g., City of Laredo*, 414 S.W.3d at 734; *El Apple I, Ltd.*, 370 S.W.3d at 761; *Midland W. Bldg. L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 739 (Tex. 2009); *Arthur Andersen & Co.*, 945 S.W.2d at 818. Moreover, in keeping with the express text of Rule 1.04, it is now well-established that the *Arthur Andersen* factors are not exclusive. *See El Apple I, Ltd.*, 370 S.W.3d at 761; *Rapid Settlements, Ltd. v. Settlement Funding, LLC*, 358 S.W.3d 777, 785 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 514 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

We agree with relators that the information regarding the attorney's fees of an opposing party may be irrelevant in a given cause of action. *See e.g., MCI Telecomms. Corp.*, 899 S.W.2d at 403–04.[2] However, based on the specific facts underlying this original proceeding, we conclude the trial court acted within its discretion in concluding that the fees were relevant and discoverable. Specifically, relators' designated testifying

---

[2] There is nation-wide disagreement regarding this issue. *See, e.g., Marks Constr. Co., v. Huntington Nat'l Bank*, No. 1:05CV73, 2010 WL 1836785 (N.D. Va. 2010) (collecting authorities).

expert has stated that the opposing party's attorney's fees are a factor in determining whether real parties' claimed attorney's fees are reasonable. Doyen expressly based his opinion as to the reasonableness of the fees sought by the other plaintiffs in the MDL, represented by the same counsel, on his own personal experience in defending the case. In short, relators' own designated expert has utilized this data in deriving his opinion. This is not an anomalous proposition. *See, e.g., El Apple I, Ltd.*, 370 S.W.3d at 765 (Hecht, J., concurring) (considering evidence of the other party's attorney's fees as an "indicator" of a reasonable fee).

Expert testimony is required to support an award of attorney's fees. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.); *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied). An attorney's testimony about the reasonableness of his or her own fees is not like other expert witness testimony. *Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010). "Although rooted in the attorney's experience and expertise, it also consists of the attorney's personal knowledge about the underlying work and its particular value to the client." *Id.* In this regard, an opposing party's legal fees may be relevant to prove factors one and three from the *Arthur Andersen* factors—that is, the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, and the fee customarily charged in the locality for similar legal services. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(a)(1)(3); *Arthur Andersen & Co.*, 945 S.W.2d at 818.

The Rules of Civil Procedure define the scope and methods of discovery about testifying expert witnesses. Rule 192.3(e) sets forth the scope of information that parties

may discover about a testifying expert, which includes "the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, regardless of when and how the factual information was acquired," and "the expert's mental impressions and opinions formed or made in connection with the case in which discovery is sought, and any methods used to derive them." TEX. R. CIV. P. 192.3(e)(3),(4). We note that this rule applies equally to each side in a case. *See Aluminum Co. of Am. v. Bullock*, 870 S.W.2d 2, 4 (Tex. 1994). The requested attorney's fees data clearly pertains to the facts known by Doyen that relate to and form his opinions, and the methods used to derive his opinions, and is therefore discoverable. *See* TEX. R. CIV. P. 192.3(e)(3),(4). Accordingly, based on the specific facts of this case, we conclude that the trial court did not abuse its discretion in concluding that the discovery at issue was relevant.

Relators further assert that the ordered discovery violates their attorney-client and work-product privileges. [3] Pleading and producing evidence establishing the existence of a privilege is the burden of the party seeking to avoid discovery. *In re Mem'l Hermann Hosp. Sys.*, No. 14-0171, __ S.W.3d __, 2015 WL 2438752, at *3 (Tex. May 22, 2015); *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991). The party asserting the privilege must establish by testimony or affidavit a prima facie case for the privilege. *In re Mem'l Hermann Hosp. Sys.*, 2015 WL 2438752, at *3; *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d

---

[3] Stated generally, Texas Rule of Evidence 503 ("the attorney-client privilege") protects from disclosure confidential communications made for the purpose of facilitating the rendition of legal services between the client and the client's lawyer. TEX. R. EVID. 503. Texas Rule of Civil Procedure 192.5 ("the work product privilege") protects from disclosure "material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party, or a party's representatives," and "a communication made in anticipation of litigation or for trial between a party and the party's representatives or among the party's representatives." TEX. R. CIV. P. 192.5. An assertion that material or information is work product is an assertion of privilege. *Id.* 192.5(d).

253, 258 (Tex. 2005) (orig. proceeding). To the extent that relators contend that the trial court's order infringes on its attorney-client and work-product privileges, the order at issue specifically states that "[s]pecific records may be redacted for content protected by an appropriate privilege." Relators make no showing herein that redaction of the records at issue would be insufficient to protect their alleged privileges. *See* TEX. R. CIV. P. 193.4(a). We note that attorney's billing statements are routinely redacted to protect the attorney-client and work-product privileges but nevertheless produced to prove attorney's fees. *See, e.g., Sentinel Integrity Solutions, Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 922 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Air Routing Int'l Corp. (Can.) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 694 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Moreover, to the extent that relators contend that the discovery is harassing, a party resisting discovery "cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing," but must instead produce some evidence supporting its claims. *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding). Based on the foregoing, we conclude that relators have not met their burden to show that the requested discovery is invasive of the attorney-client or work-product privileges.

We overrule relators' sole issue presented in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at

12

135–36.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P.

52.8(a).

GINA M. BENAVIDES,
Justice

Delivered and filed the
14th day of July, 2015.