**Deny and Opinion Filed July 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00888-CV

### IN RE AMY E. DAVIS, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 06-06944**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Bridges, and Justice Stoddart
Opinion by Chief Justice Wright

This petition for writ of mandamus seeks to set aside a sanctions order signed by the trial court in 2008 following entry of judgment on a jury verdict. In May 2012, after appeal of both the judgment[1] and the sanctions order,[2] the plaintiff and defendants jointly moved the trial court to vacate the sanctions order. In an apparently unopposed petition for writ of mandamus, the relator requests that the Court order the trial court to rule on the motion to vacate the sanctions order or, in the alternative, requests that the Court grant the motion to vacate the sanctions order.

The Court's power to grant a writ of mandamus is statutorily limited. We are permitted to grant writs of mandamus "agreeable to principles of law" regulating writs of mandamus against a judge of a district or county court in this Court's appeals district. TEX. GOV'T CODE

---

[1] *Ritchie v. Rupe*, 339 S.W.3d 275 (Tex. App.—Dallas 2011), *rev'd,* 443 S.W.3d 856 (Tex. 2014).

[2] *Davis v. Rupe*, 307 S.W.3d 528 (Tex. App.—Dallas 2010, no pet.).

ANN. § 22.221(b) (West 2004). The principles of law regulating writs of mandamus in civil cases require that a relator show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Here, the trial court has correctly concluded that it lacks plenary power to grant the requested relief and has properly declined to take action. Accordingly, we may not grant mandamus relief, irrespective of the wishes of the parties.

The relator alternatively requests that the Court grant the joint motion to vacate the sanctions order. We, too, lack the plenary power to do so in either the appeal related to the sanctions order or the appeal of the judgment currently pending on remand from the supreme court. A court of appeals' plenary power over its judgment expires thirty days after the court overrules all timely filed motions for rehearing or en banc reconsideration and all timely filed motions to extend time to file such a motion. TEX. R. APP. P. 19.1(b). After its plenary power has expired, an appellate court may only (a) correct a clerical error in its judgment or opinion; (b) issue and recall its mandate as provided in the rules of appellate procedure; (c) enforce or suspend enforcement of its judgment as the rules of appellate procedure or applicable laws provide; (d) order or modify the amount and type of security required to suspend a judgment and decide the sufficiency of the sureties under rule 24; and (e) order its opinion published in accordance with rule 47. TEX. R. APP. P. 19.3. Our plenary power in the appeal from the sanctions order expired on May 20, 2010, thirty days after the Court overruled the motion for rehearing.

With respect to the appeal from the final judgment, our plenary power in that appeal expired May 27, 2011, thirty days after the Court denied the motion for rehearing. Following

appeal to the supreme court, the supreme court has remanded that case to this Court for further proceedings consistent with its opinion. *Ritchie v. Rupe*, 443 S.W.3d at 892. The supreme court's remand has revived our plenary power for the limited purpose of complying with the supreme court's mandate. *See Bramlett v. Phillips*, 359 S.W.3d 304, 311 (Tex. App.—Amarillo 2012) (construing the mandate of the supreme court as vesting trial court with the limited authority to determine the issue addressed in supreme court's opinion), *aff'd,* 407 S.W.3d 229 (Tex. 2013). But our plenary power is limited to the issues specified in the mandate and the scope of the mandate is determined by referring to the supreme court's opinion and the mandate itself. *See In re Texas Mut. Ins. Co.,* 358 S.W.3d 869, 871 (Tex. App.—Dallas 2012, orig. proceeding).

The supreme court's mandate remanded the case to this Court for proceedings consistent with the supreme court's opinion. The supreme court's opinion in turn states:

> Because the court of appeals based its decision solely on the finding of oppressive conduct, we remand this case to the court of appeals so that it may resolve Dennard, Ritchie, and Lutes's challenges to Rupe's breach-of-fiduciary-duty claim. The court of appeals previously found that the evidence does not support the jury's valuation of Rupe's shares. Thus, if the court of appeals concludes that Rupe may recover on her breach-of-fiduciary-duty claim, and that the buyout order is available as a remedy, it will need to remand the case to the trial court for a redetermination of the value of Rupe's shares and whether the buyout is equitable in light of the newly determined value and the impact that a buyout at that price will have on RIC and its other shareholders.

*Ritchie v. Rupe*, 443 S.W.3d at 892. We have no authority to take any action to address issues other than those we are required to address pursuant to the mandate. *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 145 (Tex. App.—Dallas 2011, no pet.). To do otherwise would exceed the scope of the mandate. *Id.* The supreme court's opinion and

mandate do not authorize us to set aside the sanctions order.  Thus, we may not grant the relief requested.[3]

We deny the petition for writ of mandamus.

150888F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

---

[3] Although we may not set aside the sanctions order, rule 19.3 does permit the Court to suspend enforcement of our judgment which affirmed the sanctions order; however, relator has not requested that we suspend enforcement of the judgment.  Our ruling on this petition for writ of mandamus is without prejudice to relator's right to file a motion in the appeal from the sanctions order requesting that the Court suspend enforcement of its judgment in that appeal.