### In re ASSURANCES GENERALES BANQUE NATIONALE, Relator.

No. 05–10–01078–CV.

Court of Appeals of Texas, Dallas.

Oct. 29, 2010.

See also, 282 S.W.3d 688.

Roy A. Spezia, Alifya Curtin, Clark, Thomas & Winters, Austin, TX, foe Relator.

Richard D. Pullman, Collins Basinger & Pullman, Dallas, TX, Bruce Phillip Mayer, Law Offices of Bruce P. Mayer, Houston, TX, for Real Party in Interest.

Before Justices MORRIS, MARTIN RICHTER, and MURPHY.

## OPINION

Opinion by Justice MURPHY.

Relator Assurances Generales Banque Nationale (Banque) seeks a writ of mandamus directing the trial court to follow this Court's prior opinion and mandate and dismiss Banque from the underlying action. We conditionally grant the writ of mandamus.

This Court previously issued its opinion and judgment dismissing Nadir Dhalla's third-party action based on Banque's special appearance contesting personal jurisdiction. *See Assurances Générales Banque Nationale v. Dhalla*, 282 S.W.3d 688, 692 (Tex.App.-Dallas 2009, no pet.). In that appeal, Banque raised two issues— whether Texas has personal jurisdiction over it and whether Dhalla failed to plead jurisdiction sufficiently. This Court addressed in detail both general and specific jurisdiction and decided both issues in favor of Banque. The judgment and mandate of this Court recited that "An order granting [Banque's] special appearance and dismissing [Dhalla's] action against [Banque] is RENDERED." The parties did not seek review of that judgment.

Thereafter, Dhalla filed an amended third-party petition against Banque in the same proceeding below and served Banque with the amended action and discovery. Without obtaining any ruling from the trial court, Banque filed an original proceeding seeking a writ of injunction from this Court. On the record presented, this Court issued a memorandum opinion denying Banque's petition. *See In re Assurances Generales Banque Nationale*, No. 05–10–00678–CV, 2010 WL 2307410, at *1 (Tex.App.-Dallas June 10, 2010, orig. proceeding) (mem. op).

Banque then filed its motion for protection with the trial court seeking dismissal of Dhalla's amended cross action against Banque based on the prior opinion, judgment, and mandate of this Court. The trial court denied the request and rendered the order in issue in this mandamus proceeding.

■ To obtain mandamus relief, relators must show both that the trial court abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding).

■ Banque contends this Court's prior opinion constitutes the law of the case and

the trial court abused its discretion by denying its motion for protection seeking dismissal of Dhalla's newly-filed amended petition and further by ordering discovery when the issue of discovery was not before the trial court. By response, Dhalla argues Banque is seeking the same relief requested in its prior petition for writ of injunction, which was denied, and Banque has an adequate remedy by appeal. Dhalla also asserts the law of the case doctrine is inapplicable because the jurisdictional issues raised by its amended pleading are different. We conclude, based on this Court's prior opinion on the merits of Banque's special appearance, as well as the mandate rendering dismissal of Dhalla's action against Banque for lack of personal jurisdiction, the law of the case doctrine precludes further consideration of such issue by the trial court.

■■■ Under the law of the case doctrine, courts of appeals are ordinarily bound by their prior decisions if there is a subsequent appeal in the case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex.2003). The doctrine is based on public policy aimed at putting an end to litigation and mandates that the ruling of the appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings unless clearly erroneous. *Id.*

■ An order dismissing claims for lack of personal jurisdiction precludes relitigation of the jurisdictional issues that were actually litigated and essential to the dismissal. *Nguyen v. Desai*, 132 S.W.3d 115, 118 (Tex.App.-Houston [14th Dist.] 2004, no pet.). In many instances, a Texas court's dismissal of a suit for lack of personal jurisdiction will preclude the assertion of personal jurisdiction in a second suit involving the same or similar claims arising out of the same occurrence against the same parties. *Id.* at 119.

Dhalla argues here that, rather than ruling on the merits of Banque's jurisdictional claims, this Court's opinion identified areas needing correction in his pleadings. By his amended pleading, Dhalla claims to have addressed or made those areas the subject of his newly-served discovery requests. Instead of suggesting any jurisdictional facts have changed, he claims his amended pleading now alleges more facts and he needs discovery to determine whether any of Banque's activities warrant jurisdiction. Yet this Court did not remand the case for further proceedings, such as discovery, but instead mandated dismissal. *See Dhalla*, 282 S.W.3d at 701.

■■■ A mandate issued by the appellate court is a formal command requiring the lower court to comply with the appellate court's judgment. *Tex. Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 347 (Tex.App.-Austin 2007, pet. denied). Upon receipt of the mandate, the trial court has no discretion to review, interpret, or enforce the mandate. *Id.* Generally, when a case has been remanded, the cause remains pending and amended pleadings may be filed. *See Reynolds v. Murphy*, 266 S.W.3d 141, 147 (Tex.App.-Fort Worth 2008, pet. denied) (citing *U.S. Fid. & Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524–25 (Tex.Civ.App.-Beaumont 1980, no writ)). Conversely, when an appellate court remands a case and limits trial to a particular issue, the trial court is restricted to a determination of that particular issue. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986).

Here, this Court made a determination both as to general and specific jurisdiction and issued a judgment and subsequent mandate rendering dismissal of Dhalla's action against Banque. *See Dhalla*, 282 S.W.3d at 699–701. No party has claimed

that decision is not final. Therefore, on this record, the trial court has no jurisdiction over Banque, and the trial court abused its discretion when it denied Banque's motion for protection and ordered discovery. *See, e.g., Siemens AG v. Houston Cas. Co.*, 127 S.W.3d 436, 442 (Tex. App.-Dallas 2004, pet. dism'd) (denial of special appearance did not violate law of the case doctrine where court of appeals made no prior decision on merits in prior mandamus action denied by memorandum opinion). When a trial court fails to follow one of our judgments, mandamus will lie as the remedy. *Upjohn Co. v. Marshall*, 843 S.W.2d 203, 204–05 (Tex.App.-Dallas 1992, no writ).

Accordingly, we conditionally grant Banque's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its order denying Banque's motion for protection.