**GULSHAN ENTERPRISES, INC., Appellant**

v.

**ZAFAR, INC., Appellee**

**NO. 14-16-00643-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed September 12, 2017

300

Rabeea Sultan, Houston, TX, for Appellee.

Walker W. Beavers, Houston, TX, for Appellant.

Panel consists of Justices Boyce, Donovan, and Jewell.

## OPINION

Kevin Jewell, Justice

In this appeal from a declaratory judgment in favor of a service station owner, a fuel distributor asserts that the trial court (1) erroneously excused the service station owner's future performance under a contract based on the fuel distributor's breach, and (2) improperly awarded the station owner attorney's fees and costs. We conclude that the trial court did not err in declaring the station owner excused from future performance because of the fuel distributor's material breach of contract. We also determine that attorney's fees and costs are available under the circumstances presented. Accordingly, we affirm the judgment.

## Background

Zafar, Inc., the owner of a service station located on West Little York Road in Houston, sought to end its business relationship with Gulshan Enterprises, Inc., a fuel supplier, because of Gulshan's allegedly poor performance in timely delivering and properly invoicing Zafar for fuel. Zafar's president, Zafar Hashmi, agreed that, in mid-2005, he signed a ten-year marketing contract with Gulshan, but claimed he had never been provided a copy of the agreement. Although neither Zafar nor Gulshan introduced into evidence a copy of the marketing contract, they agreed that the terms of the contract required Zafar to purchase fuel exclusively from Gulshan for the West Little York service station for ten years. But because the contract was lost, Hashmi did not know whether Zafar continued to be legally obligated to purchase fuel from Gulshan under this contract in light of Gulshan's alleged deficient performance, which Hashmi considered to be a material breach of the contract.

In December 2013, Zafar filed suit, seeking a declaratory judgment to clarify its rights and status under the marketing contract. Initially, Zafar sought a declaration that "a valid contract does not exist" between Zafar and Gulshan, and it also sought an award of court costs and attorney's fees. After Zafar filed suit, Gulshan produced a copy of an ancillary agreement—a technology incentive program agreement. Signed on March 26, 2010, this agreement provided that "the term of the current Marketing Contract between [Gulshan] and [Zafar] is extended by 24 months and will now expire on 07/31/2017 unless terminated earlier as specified in the Marketing Contract and this Agreement."

Zafar moved for summary judgment on its claim that no valid contract existed between the parties, but the trial court denied the motion. Subsequently, Zafar amended its petition to seek a declaration that Zafar "is under no obligation to purchase gasoline from" Gulshan. It again pleaded for court costs and attorney's fees. Specifically, Zafar asserted that (1) the marketing contract did not exist; (2) the marketing contract had expired; (3) the material terms of the marketing contract were missing or were not agreed upon; or (4) Gulshan had materially breached the marketing contract. Gulshan generally denied Zafar's allegations and asserted that a valid contract existed between the parties. Gulshan did not allege that Zafar had breached the marketing contract or the ancillary agreement. Zafar and Gulshan proceeded to a jury trial on these pleadings in March 2016.

At trial, Hashmi and Gulshan's president, Shoukat Dhanani, testified regarding the marketing contract and the parties' relationship. It was undisputed that Zafar purchased fuel from Gulshan exclusively and continuously for the previous ten years for the West Little York service station, including purchases made the week before trial. Hashmi acknowledged that the essential price terms of the ten-year marking contract consisted of paying Gulshan's cost for the fuel plus one cent per gallon and paying Gulshan all applicable state and federal taxes and freight charges. Hashmi also acknowledged that Zafar had not provided Gulshan written notification that Zafar sought to terminate the marketing contract.

Hashmi recounted the difficulties Zafar had encountered with Gulshan's delivery of fuel to the service station. According to Hashmi, Gulshan regularly delivered fuel late, which resulted in the service station running out of gas "from 20 to 25 times a year." Hashmi testified that he had spoken with Dhanani on numerous occasions about delivery problems, and Dhanani assured Hashmi that he would "take care of it." But Hashmi explained that Dhanani failed to deliver on his promises:

> Anytime I called [Dhanani], only thing he says, don't worry, I take care of it, tomorrow it will be done. So tomorrow is almost 11 years. The tomorrow, I'm still wait[ing] for that tomorrow. That's why I'm here in court, otherwise I won't come here. I'm not looking for money, I just don't want to do business with this guy, this Gulshan Enterprises.

Hashmi also testified that running out of gas negatively impacted the service station: "If you have a gas station [where] you don't have gas, you lost that customer that day, and plus people don't come back be-cause you get like, that gas station is always out of gas." Finally, Hashmi explained that he could not purchase fuel from any other distributors without a release from Gulshan, which Gulshan refused to provide. It is undisputed that Zafar continued to perform its part of the bargain by purchasing gas from Gulshan up to the time of trial.

Dhanani confirmed that Zafar's service station, as well as others to whom Gulshan delivered fuel, had run out of gas. And Dhanani acknowledged that Gulshan had an obligation to timely provide fuel. Dhanani stated that both parties could terminate the marketing contract, but he could not recall the specific terms of the contract.

After hearing the evidence, including testimony from the attorneys representing Gulshan and Zafar concerning their reasonable and necessary fees, the trial court charged the jury as follows:[1]

> Did Gulshan Enterprises, Inc. fail to comply with its agreement with Zafar, Inc.?

> In answering Jury Question No. 1, you are instructed that a failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

> 1. the extent to which the injured party will be deprived of the benefit which he reasonably expected;

> 2. the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

> 3. the extent to which the party failing to perform or offer to perform will suffer forfeiture;

> 4. the likelihood that the party failing to perform or to offer to perform will cure his failure, taking into ac-

---

1. Gulshan did not object to the jury charge.

count the circumstances including any reasonable assurances; and

5. the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Answer "Yes" or "No".

The jury answered this question, "Yes." Zafar did not submit a damage question. The jury then found reasonable attorney's fees for Zafar to be $16,000 for trial, as well as additional appellate attorney's fees.

Gulshan filed a motion for judgment notwithstanding the verdict ("JNOV"), asking the trial court to disregard the jury's answers. In its JNOV motion, Gulshan asserted that, as a matter of law, Zafar could not terminate the marketing contract because it had continued to perform after Gulshan's material breach. Gulshan claimed that Zafar's only remedy was to recover breach of contract damages, and Zafar had failed to request any such damages from the jury. Finally, Gulshan urged that Zafar could not recover attorney's fees because (1) Zafar's "unique theory that the Declaratory Judgment Act somehow applies to [Zafar]'s breach of contract claim submitted to the jury, thereby allowing it to recover attorney's fees, has no legal basis," and (2) Zafar failed to segregate its fees.

Zafar moved the court to sign a judgment on the jury's verdict. Based on the jury's finding that Gulshan failed to comply with the agreement, Zafar argued that it was excused from further performance and requested a declaration that it "is under no obligation to purchase gasoline from" Gulshan. Zafar also sought attorney's fees pursuant to the Uniform Declaratory Judgments Act (the "UDJA").[2]

Both parties filed responses, replies, and sur-replies to these motions. The trial court denied Gulshan's JNOV motion and signed a judgment in favor of Zafar. In the judgment, the trial court declared, *inter alia*, that Zafar "is under no obligation to purchase gasoline" from Gulshan. The court awarded attorney's fees to Zafar of $16,000 for trial, conditional appellate attorney's fees of up to $13,000, and all taxable court costs.

Gulshan filed a motion for new trial, raising essentially the same arguments as it did in its JNOV motion. The trial court denied Gulshan's motion, and this appeal timely followed.

## A. The Propriety of Declaratory Relief

We first address the nature of the trial court's relief given the jury's finding that Gulshan materially breached the contract. In its first issue, Gulshan asserts that the trial court could not excuse Zafar from its future fuel purchasing obligations under the marketing contract because Zafar requested and received benefits under the contract after Gulshan's material breach. Gulshan does not challenge the jury's finding that it materially breached the contract, so we accept that finding as conclusive on appeal. *See Jerry L. Starkey, TBDL, L.P. v. Graves*, 448 S.W.3d 88, 101 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Gulshan's first issue turns on questions of law that we review de novo. *Matter of Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) ("[Q]uestions of law are always subject to *de novo* review.").

When one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *GDL Masonry Supply, Inc. v. Lopez*, No. 05-15-01200-

**2.** *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011.

CV, 2016 WL 6835719, at *2 (Tex. App.—Dallas Nov. 2, 2016, no pet.) (mem. op.); *Dresser–Rand Co. v. Bolick*, No. 14-12-00192-CV, 2013 WL 3770950, at *11 (Tex. App.—Houston [14th Dist.] July 18, 2013, pet. abated) (mem. op.). Consistent with this principle, Zafar alleged that Gulshan materially breached the contract and sought a declaration that it was excused from further performance. The jury found that Gulshan committed a material breach. Thus, Zafar was entitled to a declaration that its future obligation to buy gas from Gulshan was excused. *See GDL*, 2016 WL 6835719, at *2 (court did not err in declaring party excused from further performance based on other party's material breach); *Ramaker v. Abbe*, No. 03-10-00713, 2013 WL 3791491, at *6 (Tex. App.—Austin July 18, 2013, no pet.) (mem. op.) (same). Moreover, though Zafar did not submit a jury question on actual damages, it was not required to do so. The availability of forward-looking declaratory relief does not depend upon whether Zafar sought or incurred actual damages. *See Mustang Pipeline*, 134 S.W.3d at 199; *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994); *Ramaker*, 2013 WL 3791491, at *4 n.1.

Gulshan contends that the court erred in ordering declaratory relief excusing Zafar from future performance. As Gulshan observes, when one party to a contract materially breaches, the non-breaching party must elect to either terminate performance or continue performance. *See MKM Eng'rs, Inc. v. Guzder*, 476 S.W.3d 770, 783 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Gupta v. E. Idaho Tumor Institute, Inc.*, 140 S.W.3d 747, 756 (Tex.App.—Houston [14th Dist.] 2004, pet. denied). If the non-breaching party treats the contract as continuing and demands performance from the breaching party, then the non-breaching party must

fully perform as well, because the contract continues in force for the benefit of both parties. *MKM*, 476 S.W.3d at 783; *Gupta*, 140 S.W.3d at 756-57. A party who elects to treat a contract as continuing deprives itself of any excuse for ceasing performance on his own part. *Long Trusts v. Griffin*, 222 S.W.3d 412, 415-16 (Tex. 2006); *Gupta*, 140 S.W.3d at 757. These principles are well-known and unremarkable.

Although Gulshan correctly states Texas law regarding the choice put to a non-breaching party when faced with a breach by the other side, applying that law to the present facts does not lead to the result Gulshan seeks. This is so for several reasons.

First, Gulshan's argument presupposes that Zafar's election to continue performance after Gulshan's breach precludes Zafar from looking to the courts for an appropriate remedy. To the contrary, a non-breaching party may sue a breaching party regardless whether the non-breaching party continues or ceases performance. "Although the non-breaching party must elect between continuing or ceasing performance, the election does not affect whether the non-breaching party can sue for a former or future breach." *Gupta*, 140 S.W.3d at 756 n.7; *Cal–Tex Lumber Co., Inc. v. Owens Handle Co., Inc.*, 989 S.W.2d 802, 812 (Tex. App.—Tyler 1999, no pet.); *see Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 887-88 (Tex. App.—San Antonio 1996, writ denied); *Bd. of Regents of Univ. of Tex. v. S & G Constr. Co.*, 529 S.W.2d 90, 97 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.).

Second, that Zafar's election to continue performance deprives it of an excuse for ceasing performance on its own part is irrelevant on the present facts because Zafar did not cease performance. A non-breaching party's election to cease or continue performance affects only whether

that party is itself required to perform fully, as did Zafar. See Chilton Ins. Co., 930 S.W.2d at 887-88; S & G Constr. Co., 529 S.W.2d at 97. Gulshan did not allege, present evidence, or seek a jury submission that Zafar failed to perform.[3]

Third, according to Gulshan, Zafar's remedy for breach is limited to damages because Zafar continued to accept contractual benefits after Gulshan's material breach. However, available relief includes a court declaration that the non-breaching party is excused from further performance. See MBM Fin'l Corp. v. Woodlands Operating Co., L.P., 292 S.W.3d 660, 669 (Tex. 2009) ("the existence of another adequate remedy does not bar the right to maintain an action for declaratory judgment"; "prohibiting declaratory judgments whenever a breach of contract claim is available would negate the Act's explicit terms covering such claims"); GDL, 2016 WL 6835719, at *2; Ramaker, 2013 WL 3791491, at *6; see also Tex. Civ. Prac. & Rem. Code § 37.004(b) ("A contract may be construed either before or after there has been a breach.").[4] Relief in the form of a declaration excusing Zafar from future performance is within the scope of potential remedies available to non-breaching parties in circumstances such as those presented. The UDJA's "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code § 37.002(b). "A declaratory judgment, by its nature, is forward looking; it is designed to resolve a controversy and prevent future damages. It affects a party's behavior or alters the parties' legal relationship on a going-forward basis." Intercont'l Grp. P'ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 660 (Tex. 2009). A trial court may render a declaratory judgment as long as it serves a useful purpose or will terminate the controversy between the parties. Bonham State Bank v. Beadle, 907 S.W.2d 465, 468 (Tex. 1995). A person interested under a contract, whose rights are affected by the contract, may seek determination of any question of construction or validity arising under the instrument and obtain a declaration of rights. See Tex. Civ. Prac. & Rem. Code § 37.004(a).

A matured breach is explicitly covered by the UDJA. MBM Fin'l Corp., 292 S.W.3d at 667. Were such relief unavailable, a non-breaching party such as Zafar would be inextricably bound to an ongoing contractual relationship with a party that persistently failed to comply with its obligations. Gulshan's desired outcome would essentially punish Zafar for having upheld its side of the bargain when Gulshan failed to do so, and would expose Zafar to potential future damages by remaining contractually tied to a party with a history of non-compliance.[5]

---

3. Indeed, to prevail on a breach of contract claim, the claimant must prove not only the existence of a valid contract but also that he tendered performance or was excused from doing so. See WTG Gas Processing, L.P. v. ConocoPhillips Co., 309 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); Williams v. Unifund CCR Partners Assignee of Citibank, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Here, Zafar tendered performance and there existed no need for it to contend it was excused from doing so.

4. Fact issues in declaratory judgment proceedings may be tried and determined in the same manner as such issues are tried and determined in other civil actions. Tex. Civ. Prac. & Rem. Code § 37.007.

5. "The Act was originally 'intended as a speedy and effective remedy' for settling disputes before substantial damages were incurred." MBM Fin'l Corp., 292 S.W.3d at 670 (quoting Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 713 (1945)).

For the above reasons, Gulshan's complaint that the trial court "erred as a matter of law in excusing Zafar's future performance under the contract" lacks merit. And Gulshan does not otherwise challenge the trial court's declaratory judgment in favor of Zafar. Accordingly, we overrule Gulshan's first issue.

## B. Mootness

 Zafar urges us to not consider Gulshan's arguments on the grounds that the appeal is moot. According to Zafar, after the trial court declared that it no longer had a legal obligation to purchase fuel from Gulshan, it entered into an agreement with another fuel provider to purchase fuel. Thus, Gulshan's only remedy against Zafar would be monetary damages for any loss of benefits Gulshan suffered under the contract with Zafar. But Gulshan did not seek monetary damages; thus, Zafar asserts that the "legal effect of granting Gulshan's Appeal would not resolve the controversy or grant relief to either party," which would result in an advisory opinion. We disagree.

Zafar's pleadings and the evidence presented at trial establish that there was "a substantial controversy involving a genuine conflict of tangible interests" between it and Gulshan, which the trial court's declaration resolved. *See Drexel Corp. v. Edgewood Dev., Ltd.*, 417 S.W.3d 672, 674-76 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Bonham State Bank*, 907 S.W.2d at 468. The trial court declared that Zafar is under no obligation to purchase fuel from Gulshan in the future. As we explain above, the UDJA contemplates such forward-looking declarations designed to resolve controversies and prevent future damages. *See Intercont'l Grp. P'ship*, 295 S.W.3d at 660; *see also MBM Fin'l Corp.*, 292 S.W.3d at 668 ("[P]rohibiting declaratory judgments whenever a breach of contract claim is available would negate the Act's explicit terms covering such claims."). Whether or not Zafar has since entered into a contractual relationship with a new gas distributor does not impact the effectiveness of the trial court's judgment as to the dispute between Zafar and Gulshan based on their contract. Thus, this appeal is not moot.

## C. Attorney's Fees and Costs

 In its second issue, Gulshan contends that the trial court erred in awarding attorney's fees and costs to Zafar. Gulshan argues that of two potential statutory avenues justifying an attorney fee award, neither is available to Zafar in this case. First, Gulshan contends that fees are unavailable under Texas Civil Practice & Remedies Code section 38.001 because Zafar did not recover actual damages on its breach of contract claim. *See Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (party must prevail on breach of contract claim and recover damages to obtain attorney's fees); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Second, Gulshan contends that fees are unavailable under UDJA section 37.009 because Zafar's only claim was for breach of contract and Zafar may not "recast" its original breach of contract claim into a claim for declaratory relief solely to obtain attorney's fees that are otherwise unrecoverable under section 38.001 for breach of contract. *See MBM Fin'l Corp.*, 292 S.W.3d at 669-70.

As to Gulshan's first point, we agree that section 38.001 would not support an attorney's fee award here because Zafar did not recover (or submit to the jury) actual damages as a result of Gulshan's material breach. *See Ventling*, 466 S.W.3d at 154.

 However, the record does not indicate that the trial court based its attorney's fee award on section 38.001, which

leads us to Gulshan's second point.[6] "A party may not use a declaratory judgment action to seek the same relief afforded under another of its causes of action in order to obtain attorney's fees." *Tangle-wood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 70 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Further, a claim for declaratory relief may not be "merely tacked onto" a suit for a "matured breach of contract" to obtain attorney's fees under the UDJA. *See MBM Fin'l Corp.*, 292 S.W.3d at 670. In other words, a party may not simply "re-plead" a claim as a declaratory judgment claim to recover attorney's fees not otherwise available. *See id.* at 669.

Here, however, we reject Gulshan's premise that Zafar simply "re-cast" its contract claim to one of declaratory judgment for the purpose of recovering fees. Gulshan points to language from Zafar's petition in which Zafar urged "should the Court find that a valid contract exists, then Gulshan has materially breached the agreement resulting in significant economic damages." But Zafar also requested the trial court declare that Zafar is no longer obligated to purchase fuel from Gulshan. In its prayer, Zafar sought a declaratory judgment, court costs, and attorney's fees, even though it never sought damages for breach of contract. Zafar sought a declaration of its rights under the parties' contract, which is available relief, as explained. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a). Zafar simply wanted to be released from any contractual obligations it may have had under the marketing contract going forward. Because the marketing contract had been lost, Zafar did not

know the manner by which it could terminate its obligations thereunder. *See id.* § 37.002(b) (purpose of UDJA "is to settle and to afford relief from uncertainty with respect to rights, status, and other legal relations; and it is to be liberally construed"). Thus, Zafar turned to the court to afford it relief from the uncertainty regarding its rights, status, and legal relations with Gulshan under the lost marketing contract. *See id.*

Zafar's allegation and jury finding that Gulshan materially breached the contract does not preclude relief under the UDJA; indeed, showing that Gulshan materially breached the agreement was a prerequisite to obtaining a forward-looking declaration that Zafar was excused from further performance. A plaintiff may bring a declaratory judgment action following a breach of contract and have its rights under the contract declared.[7] *See* Tex. Civ. Prac. & Rem. Code § 37.004(a); *MBM Fin'l Corp.*, 292 S.W.3d at 667; *GDL*, 2016 WL 6835719, at *2; *Ramaker*, 2013 WL 3791491, at *6. Although such an action may resemble a breach-of-contract action claim, the two actions are distinct: in a declaratory judgment action, a plaintiff seeks a determination of liability without an award of damages, while a plaintiff in a breach-of-contract action seeks both a determination of liability and an award of damages. *See Intercont'l Grp. P'ship*, 295 S.W.3d at 660-61; *CBS Outdoor, Inc. v. Potter*, No. 01-11-00650-CV, 2013 WL 269091, at *4-5 (Tex. App.—Houston [1st Dist.] Jan. 24, 2013, pet. denied) (mem. op.).

---

**6.** Zafar's motion for final judgment sought an attorney's fee award under section 37.009 only.

**7.** Whether Gulshan materially breached the contract required a factual determination. *See* Tex. Civ. Prac. & Rem. Code § 37.007; *Henry*

*v. Masson*, 333 S.W.3d 825, 835 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("The materiality of a breach—the question of whether a party's breach of a contract will render the contract unenforceable—generally presents a dispute for resolution by the trier of fact.").

The UDJA provides that in any proceeding under the Act, a court may award costs and reasonable attorney's fees as are equitable and just. *See* Tex. Civ. Prac. & Rem. Code § 37.009. The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Gulshan has not challenged the amount or the reasonableness of the attorney's fees awarded in this case, and such an award is committed to the trial court's sound discretion. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *Bocquet*, 972 S.W.2d at 21. Gulshan has failed to establish that the trial court abused its discretion in awarding attorney's fees to Zafar.

Finally, Gulshan asserts that the trial court erred in awarding taxable costs of court to Zafar because it was not the "successful party," in that it recovered no "affirmative relief." As a rule, a party that is successful in the trial court is entitled to recover its costs from its adversary. *See* Tex. R. Civ. P. 131. But under the UDJA, a party need not be the "prevailing party" to recover costs. *See* Tex. Civ. Prac. & Rem. Code § 37.009. Instead, an award of court costs is left to the trial court's discretion. *See id.*; *see also Teal Trading & Dev., L.P. v. Champee Springs Ranches Prop. Owners Assoc.*, —— S.W.3d ——, ——, No. 04-16-00063-CV, 2017 WL 2852742, at *24-25 (Tex. App.—San Antonio July 5, 2017, no pet. h.) ("[A]n award of costs [under the UDJA] is left to the trial court's discretion."). Nonetheless, in the present case, Zafar prevailed in its declaratory judgment action against Gulshan, successfully obtaining a declaration from the trial court that it was not legally obligated to purchase fuel from Gulshan into the future. Thus, even under Rule 131, Gulshan has not established that the trial court abused its discretion in awarding taxable court costs to Zafar.

Gulshan has failed to demonstrate that the trial court abused its discretion in awarding attorney's fees and costs to Zafar under the UDJA. We overrule Gulshan's second issue.

## D. Zafar's Conditional Cross-Appeal

Zafar raises several issues by conditional cross-appeal challenging the trial court's denial of its motion for summary judgment should we determine that Gulshan is entitled to relief on any of its issues. We need not reach these issues due to our disposition of Gulshan's appellate issues. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## Conclusion

Having overruled Gulshan's two issues, we affirm the trial court's judgment.