**Affirmed and Opinion Filed June 28, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00564-CV

## DR. ERIC VANDERWERFF, D.C., Appellant
## V.
## THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKERS' COMPENSATION AND COMMISSIONER RYAN BRANNAN, IN HIS OFFICIAL CAPACITY, Appellees

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-14-02886

# MEMORANDUM OPINION
Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Bridges

Appellant Dr. Eric Vanderwerff appeals the trial court's judgments granting appellee Commissioner Ryan Brannan's plea to the jurisdiction and appellee Travelers Indemnity Company of Connecticut's motion for summary judgment and plea to the jurisdiction. In three issues, appellant argues (1) a website link to a list of current network doctors accepting new patients is not "written notice" as required under the Texas Insurance Code; (2) an insurance carrier cannot avoid liability after preauthorization is provided when the Texas Workers' Compensation Act creates liability no longer subject to dispute; and (3) declaratory judgment is necessary regarding issues one and two so as to avoid multiplicity and duplicity of identical issues. We affirm the trial court's judgments.

## Procedural and Factual Background

Appellant, a chiropractor, provided medical services to a workers' compensation claimant. Travelers was the workers' compensation carrier. Appellant was denied full reimbursement by Travelers because he was not a member of its healthcare network; however, he believed he was entitled to full payment because claimant was not properly provided the information required under insurance code section 1305.451. *See* TEX. INS. CODE ANN. § 1305.451 (West Supp. 2017).

Appellant requested a medical fee dispute resolution through the Division seeking determination of whether he was entitled to reimbursement. The Texas Department of Insurance-Division of Workers' Compensation (the Division) abated the medical fee dispute. However, the Division determined Travelers did not properly provide claimant with the information required under section 1305.451 because a link to a website listing participating network providers, instead of a printed copy, was not proper written notice under the statute.

Travelers appealed the decision to the Division Appeals Panel, which issued an opinion reversing the hearing officer and holding that claimant was provided the required statutory information. The decision stated the following:

> The evidence establishes that the claimant was hired by the employer on June 11, 2010. The evidence further indicates that on the date of hire, the claimant signed a Workers' Compensation Health Care Network Employee Acknowledgement Form and received an information packet entitled Important Information for Employees Regarding Medical Treatment for a Work-Related Injury or Illness which contained all of the information required by Insurance Code Section 1305.451. The hearing officer, in the Background Information section of her decision, stated that the evidence did not establish that the information provided to the claimant contained a list of network providers as required in Insurance Code Section 1305.451(b)(12). However, the evidence shows that an electronic link to the provider list is provided to the claimant on page two of the information packet. Furthermore, 28 TEX. ADMIN. CODE § 10.60(c)(3) (Rule 10.60(c)(3)) provides that the notice of network requirements may be in an electronic

> format provided a paper version is available upon request. The evidence does not indicate that the claimant requested a paper version from the carrier or the employer.

No other issues were appealed or decided by the Division Appeals Panel.

Appellant subsequently filed an original petition in district court in which he sought a declaration that he was entitled to full payment of disputed medical benefits because providing a web link with a list of providers was not sufficient information under section 1305.451. He also sought declarations that (1) an insurance carrier is limited to grounds timely raised in its written denial of payments absent newly discovered evidence that could not reasonably be discovered earlier; (2) preauthorization of health care treatment is no longer subject to dispute; and (3) an insurance carrier must timely raise a network issue to dispute medical care not performed in a network.

Travelers answered and filed a plea to the jurisdiction. It argued the trial court was without subject matter jurisdiction to determine any issue beyond that decided by the Division Appeals Panel; therefore, the trial court was limited to deciding only whether "the employer provided the claimant with the information required by Insurance Code Section 1305.451."

The Division, after filing a plea in intervention, also filed a plea to the jurisdiction essentially making the same arguments as Travelers. Appellant then amended his petition, naming the Division and Commissioner of Workers' Compensation, Ryan Brannan, in his official capacity, as defendants to his claims for declaratory relief.

The trial court determined it had jurisdiction to review the Division Appeals Panel's decision regarding notice under section 1305.451; however, it granted Travelers' plea to the jurisdiction on appellant's remaining requests for declarations and dismissed them. The trial court also granted the Division's plea to the jurisdiction, dismissed all claims for declaratory judgment, and further dismissed the Division from the case.

While appellant's notice issue was still pending against Traveler's in the trial court, appellant appealed the trial court's order granting the Division's plea to the jurisdiction. *See Vanderwerff v. Tex. Dep't of Ins.–Div. of Workers' Comp.*, No. 05-15-00195-CV, 2015 WL 9590769, at *1 (Tex. App.—Dallas Dec. 30, 2015, pet. denied) (mem. op.). In that appeal, appellant continued to argue his right to the following declarations: (1) a web link is not sufficient and proper notice of health care network providers to a worker; (2) an insurance carrier is limited to the grounds timely raised in its written denial of payments absent newly discovered evidence that could not reasonably [be] discovered earlier; (3) preauthorized health care treatment is no longer subject to dispute and the insurance carrier is liable for payment of such treatment; and (4) an insurance carrier must timely raise a network issue to dispute medical care not performed in a network. *Id*. at *2. We overruled appellant's first requested declaration based on the redundant-remedies doctrine because the propriety of the requested declaration was identical to the issue pending before the trial court in appellant's suit for judicial review of the administrative decision (which is the first issue now before us in this appeal). *Id*. Concerning the remaining claims for declaratory judgment, we concluded appellant failed to exhaust his administrative remedies. *Id*. at *3.

Traveler's subsequently filed a motion for summary judgment in the trial court arguing "the employer properly provided the claimant with the information required by Insurance Code section 1305.451" through a web link. Appellant filed his own summary judgment motion arguing that electronic notice through a web link did not satisfy the statute.

The Commissioner then filed his plea to the jurisdiction.[1] He argued the order granting the Division's plea to the jurisdiction disposed of all of appellant's declaratory judgment claims, which

---

[1] In our first opinion, we noted the Division's dismissal order did not specifically dismiss the Commissioner because he was not (1) named as a party by appellant until after the Division filed its plea to the jurisdiction, (2) added as a party in an amended plea to the jurisdiction, or (3) named in the trial court's order granting the Division's plea to the jurisdiction. *Vanderwerff*, 2015 WL 9590769, at *1 n.1. As such, appellant's claims against the Commissioner were still pending in the trial court. *Id*.

necessarily included any claims asserted against him.  Alternatively, the Commissioner argued the trial court did not have subject matter jurisdiction because appellant failed to assert any *ultra vires* claims against him.

On April 27, 2017, the trial court granted the Commissioner's plea the jurisdiction and granted Traveler's motion for summary judgment.  This appeal followed.

### Traveler's Motion for Summary Judgment

We begin with appellant's challenge to the order granting Traveler's motion for summary judgment.  We review a trial court's summary judgment de novo.  *CPM Trust v. City of Plano*, 461 S.W.3d 661, 668 (Tex. App.—Dallas 2015, no pet.).  With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).  In our review, we credit evidence favorable to the non-movant if reasonable jurors could and disregard evidence contrary to the non-movant unless reasonable jurors could not.  *CPM Trust*, 461 S.W.3d at 668.

Further, because the trial court implicitly denied appellant's motion for summary judgment, we apply the standard of review applicable to cross-motions for summary judgment.  *Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 190 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).[2]  We review the summary judgment presented by both sides and determine all questions presented.  *Dallas Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 221 (Tex. App.—Dallas 2015, no pet.).  Each party, however, bears the burden of establishing that it is entitled to judgment as a matter of law.  *Kartsotis v. Bloch*, 503 S.W.3d 506, 515 (Tex. App.—Dallas 2016, pet. denied).  If we conclude the trial court erred, we render the judgment the trial court should have rendered.  *Calitex Corp.*, 458 S.W.3d at 221.

---

[2] Generally, we do not have jurisdiction to hear the denial of a motion for summary judgment on appeal.  However, an exception applies when, as here, the trial court has denied one motion and has granted the other, resulting in a final judgment.  *Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 559 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

The issue before us is whether the trial court correctly determined that, as a matter of law, the term "written description" as used in section 1305.451 of the insurance code includes an electronic format—in this case, a web link—rather than paper only, which is the narrow construction urged by appellant.

Appellant argues a link to a website with the list of doctors accepting new, injured workers cannot replace "written notice" under the statute. He contends "a website link to go browse through is not even close to the statutory written notice requirements."

Section 1305.005 provides that "an employer that elects to provide workers' compensation coverage under the Texas Workers' Compensation Act may receive workers' compensation health care services for the employer's injured employees through a workers' compensation health care network." TEX. INS. CODE ANN. § 1305.005(a) (West 2009). Further, the insurance carrier "shall provide to the employer, and the employer shall provide to the employer's employees, notice of network requirements, including all information required by Section 1305.451." *Id.* § 1305.005(d). Section 1305.451(a) requires an insurance carrier that establishes contracts with a network to provide "an accurate *written description* of the terms and conditions" for obtaining healthcare within the network's service area. *Id.* § 1305.451(a). The "written description" must, among other things, be "in English, Spanish, and any additional language common to an employer's employees, must be in plain language, and in a readable and understandable format." *Id.* § 1305.451(b).

The statute does not define "written description." Words not defined in a statute are given their plain meaning, read in context, and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). Use of the word "written" indicates the information cannot be provided orally. Further, "written" (the past participle of "write") is defined as "to form (characters, symbols, etc.) on a surface with an instrument; to form (words) by

inscribing characters or symbols on a surface; to set down in writing; to communicate with in writing." *See Written*, MERRIAM-WEBSTER ONLINE DICTIONARY, http://www.m-w.com/dictionary/written (last visited June 18, 2018). Simply put, if something is "written," it is in writing. "Description" is defined as "a statement giving the characteristics of something." *See Description*, MERRIAM-WEBSTER ONLINE DICTIONARY, http://www.m-w.com/dictionary/description (last visited June 18, 2018). Nothing within the plain reading of the statute indicates the list of network providers must be in writing on paper, as argued by appellant. To the contrary, written words can appear on a computer screen by typing on a keyboard (thereby forming words on a surface).[3]

This conclusion is further supported by 28 Texas Administration Code section 10.60(c)(3), which provides that notice of network requirements "may be in an electronic format provided a paper version is available upon request." *See* 28 TEX. ADMIN. CODE ANN. § 10.60(c)(3). It is undisputed claimant was provided a link to network providers in an electronic format. Although claimant's affidavit attached to appellant's motion for summary judgment states, "At no time did my employer ever provide to me a list of network providers," his employer was not required to provide a list in a paper version unless he requested one. There is no evidence claimant requested a paper version. Accordingly, Travelers established as a matter of law that the employer properly provided claimant with the information required by section 1305.451. Therefore, the trial court did not err in granting Traveler's motion for summary judgment and implicitly denying appellant's motion for summary judgment. We overrule appellant's first issue.

---

[3] During oral argument, appellant's counsel was asked, "[A]re words any less written if they are written electronically rather than on paper?" Counsel answered, "No." Oral argument available at http://www.search.txcourts.gov/Case.aspx?cn=05-17-00564-CV&coa=coa05 (time: 48:05). To the extent he argued during oral argument or in his brief that there is no evidence the link provided the required statutory information, such was not his argument in his motion for summary judgment. Rather, the issue was presented as whether an electronic link, as a matter of law, provided written notice.

## Pleas to the Jurisdiction

The issues raised in appellant's second and third issues involve certain declarations he sought in his original petition (and amended original petition adding the Commissioner) and suit for declaratory judgment. Travelers filed a plea to the jurisdiction challenging the trial court's subject matter jurisdiction to make such declarations, which the trial court granted. The trial court likewise granted the Commissioner's plea to the jurisdiction and dismissed all claims against him.

A plea to the jurisdiction is a dilatory plea in which a party challenges a court's authority to determine the subject matter of the action. *Rawlings v. Gonzalez*, 407 S.W.3d 420, 425 (Tex. App.—Dallas 2013, no pet.). The existence of subject matter jurisdiction is a question of law; therefore, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.*

A governmental entity's plea to the jurisdiction can be based on pleadings or evidence. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in appellant's favor to determine whether he alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Id.*

While the UDJA waives governmental immunity for certain claims, it is not a general waiver of immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). The UDJA "does not enlarge the trial court's jurisdiction, but is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Id.* Thus, governmental immunity will bar an otherwise proper UDJA claim that has the effect of establishing a right to relief against the State for which the legislature has not waived governmental immunity. *Id.*

We begin by addressing appellant's challenge to Traveler's plea to the jurisdiction. Although not abundantly clear, it appears appellant seeks reversal of Traveler's plea to the jurisdiction by continuing to request the trial court to make certain declarations.

First, appellant argues that "voluntarily preauthorized medical services not being final and subject to further dispute is contrary to section 413.014(f) of the Texas Labor Code." However, this issue was not presented to the Division Appeals Panel, but instead, was abated as part of the medical fees dispute. As such, when the case continued in the trial court after appellant's unsuccessful appeal, his claim for declaratory judgment regarding the effect of preauthorization was not before the trial court. Further, we denied appellant's request for declaratory judgment against the Division for the same declaration and upheld the trial court's dismissal because the record did not indicate appellant had exhausted his administrative remedies. *See Vanderwerff*, 2015 WL 9590769, at *2–3. Appellant has not brought forth any new information to necessitate a different conclusion in this appeal. We shall not consider or decide a claim that was not before the trial court and that which we have already held was properly dismissed by the trial court. *Id.*; *see ExxonMobil Pipeline Co. v. Coleman*, No. 05-14-00188-CV, 2017 WL 3474009, at *1 (Tex. App.—Dallas Aug. 14, 2017, no pet.) (mem. op. on remand) ("To be reviewed by an appellate court, issues must have been actually presented to *and* considered by the trial court" so as not to "usurp the trial court's authority to evaluate and rule on the issues before it"); *see, e.g., In re Assurances Generales Banque Nationale*, 334 S.W.3d 323, 325 (Tex. App.—Dallas 2010, orig. proceeding) (courts of appeals are ordinarily bound by their prior decisions if there is a subsequent appeal in the case).

Appellant also contends declaratory judgment for issues one and two is required to avoid multiplicity and duplicity of identical disputes regarding proper application, compliance, and enforcement of the insurance and labor codes. A declaratory judgment may be rendered "as long as it serves a useful purpose or will terminate the controversy between the parties." *See Gulshan Enter., Inc. v. Zafar, Inc.*, 530 S.W.3d 298, 305 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Having overruled appellant's first issue and thereby concluded a web link is sufficient notice, he

is not entitled to such a declaration. Accordingly, there is no useful purpose for such a declaration. Affirming the summary judgment in favor of Travelers terminated the controversy between the parties.

Likewise, as explained above, appellant's request for a declaration regarding preauthorization was determined in this court's prior opinion and was not before the trial court when the case proceeded post-trial. *See Vanderwerff*, 2015 WL 9590769, at *2–3. As such, the trial court did not err in granting Traveler's plea to the jurisdiction. *See Sawyer Trust*, 354 S.W.3d at 388 (the UDJA is merely a procedural device for deciding cases already within its jurisdiction).

We now consider the Commissioner's plea to the jurisdiction. In appellant's first amended petition and request for declaratory judgment, he referred to the Commissioner and the "DWC Defendants" collectively and did not seek any distinguishable relief under the UDJA between the parties. Rather, his amended petition requested the same declarations that we determined in his first appeal were properly dismissed. *See Vanderwerff*, 2015 WL 9590769, at *2–3; *see, e.g., In re Assurances Generales Banque Nationale*, 334 S.W.3d at 325 (courts of appeals are ordinarily bound by their prior decisions if there is a subsequent appeal in the case). In fact, the underlying order in the first appeal dismissed "all declaratory judgment actions in this case."

To the extent appellant contends he raised an *ultra vires* claim against the Commissioner, his pleadings do not support that argument. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011) ("A government employee has the same immunity from suit against him in his official capacity as his employer, unless he has acted *ultra vires*."). To fall within this *ultra vires* exception, a suit must not complain about a government officer's exercise of discretion, but rather, must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a ministerial act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). The proper defendant in an *ultra vires* action is the state official whose acts or

omissions "trampled on the plaintiff's rights, not the agency itself." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011).

At the time the Commissioner filed his plea to the jurisdiction, appellant's requested declarations had been properly dismissed. Thus, the only remaining claim before the trial court for judicial review was the notice issue. Even if we concluded the Division incorrectly interpreted section 1305.451, it is not an *ultra vires* act for an official or agency to make an erroneous decision while staying within its authority. *See Hall v. McRaven*, 508 S.W.3d 232, 242 (Tex. 2017) ("[A]n ultra vires doctrine that requires nothing more than an identifiable mistake would not be a narrow exception to immunity: it would swallow immunity."); *see also City of Carrollton v. Hamrla*, No. 02-15-00119-CV, 2016 WL 93031, at *5 (Tex. App.—Fort Worth Jan. 7, 2016, pet. denied) (mem. op.) ("It is not enough for a litigant to challenge the actions of a governmental entity under a statute . . .; the validity of the statute . . . itself must be challenged for governmental immunity to be waived."). As such, appellant has not shown a clear and unambiguous waiver of the Commissioner's governmental immunity for the judicial review of the notice claim. *See, e.g., Tex. Dep't of Ins., Div. of Workers' Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *3 (Tex. App.—San Antonio May 18, 2016, no pet.) (holding no waiver of immunity when pleadings failed to allege single act or omission by Commissioner but merely duplicated allegations against the Division challenging judicial review claim). Accordingly, the trial court did not err by granting the Commissioner's plea to the jurisdiction.

We overrule appellant's second and third issues.

**Conclusion**

We affirm the trial court's judgments.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

170564F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DR. ERIC VANDERWERFF, D.C.,
Appellant

No. 05-17-00564-CV       V.

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT AND
TEXAS DEPARTMENT OF
INSURANCE-DIVISION OF WORKERS'
COMPENSATION AND
COMMISSIONER RYAN BRANNAN, IN
HIS OFFICIAL CAPACITY, Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-02886.
Opinion delivered by Justice Bridges.
Justices Evans and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT AND TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKER'
COMPENSATION AND COMMISSIONER RYAN BRANNAN, IN HIS OFFICIAL
CAPACITY recover their costs of this appeal from appellant DR. ERIC VANDERWERFF, D.C.

Judgment entered June 28, 2018.